UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **AUTRY SNEED,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CONCERT GAILLARDIA, LLC et al.,** )<br>)<br>**Defendants.** ) | Case No. CIV-23-278-G |

## ORDER

On March 28, 2023, Plaintiff Autry Sneed filed this lawsuit against Defendants Concert Gaillardia, LLC and John Does 1-5. Plaintiff's 90-day deadline to effect service expired on June 26, 2023. *See* Fed. R. Civ. P. 4(m). Pursuant to Rule 4(m), if a defendant is not served within this 90-day period, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

As of July 5, 2023, however, Plaintiff had not obtained summons from the Court Clerk or made proof of service or waiver of service to the Court. Nor had any defendant answered or otherwise indicated awareness of Plaintiff's lawsuit. Accordingly, Judge Bernard M. Jones directed Plaintiff "to advise the Court as to the status of this case and, specifically, whether Defendants have been served, and if not, why this case should not be dismissed without prejudice" pursuant to Federal Rule of Civil Procedure 4(m). Order of July 5, 2023 (Doc. No. 2) at 1. On July 7, 2023, Judge Jones recused from this action, and the case was randomly reassigned to the undersigned for all further proceedings. *See* Doc.

Nos. 3, 4. As of this date, Plaintiff has not responded to Judge Jones' Order and has not shown that service has been perfected on the defendants.

A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed. R. Civ. P. 4(c)(1), (m). Thus, Plaintiff's failure to complete proper service upon a defendant within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service by the extended deadline, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m). Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. In making this determination, the Court must consider: (1) whether "the applicable statute of limitations would bar the refiled action"; (2) whether the plaintiff tried to follow "the complex requirements of multiple service" when serving the United States, its agencies, or employees; and (3) whether there is reason

to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza*, 52 F.3d at 842 & n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. Plaintiff has made no further request for additional time or assistance with service. The defendants are not federal officers, and Plaintiff is not a pro se plaintiff proceeding *in forma pauperis*. Further, assuming Plaintiff's statute of limitations has expired, a dismissal under Rule 4(m) would not necessarily bar the refiling of certain of Plaintiff's claims. Oklahoma's "savings statute" may save certain claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of title 12, section 100 of the Oklahoma Statutes. *Young v. Rios*, No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). In other words, Plaintiff may be able to refile such claims within one year of dismissal without prejudice "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100; *see Young*, 2018 WL 2079509, at *2.

Thus, the *Espinoza* factors weigh in favor of dismissal under Rule 4(m), and the Court discerns no other policy considerations that might warrant a permissive extension in this case. Further, Plaintiff has been warned that failure to accomplish service would result in dismissal and has been afforded an opportunity to justify his failure to do so. *See Smith v. Glanz*, 662 F. App'x 595, 596, 597-98 (10th Cir. 2016).

CONCLUSION

Accordingly, the Court DISMISSES WITHOUT PREJUDICE all claims alleged in Plaintiff Autry Sneed's Complaint (Doc. No. 1) for failure of service under Rule 4(m) of the Federal Rules of Civil Procedure.  A separate judgment shall be entered.

IT IS SO ORDERED this 2nd day of February, 2024.

_____
CHARLES B. GOODWIN
United States District Judge